UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, as EXEC. DIRECTOR of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Plaintiff,<br><br>      v.<br><br>ROSANNE M. PINA ARPIN,<br><br>      Defendant. | C.A. No.: |

## COMPLAINT

### COUNT I
(Specific Performance and/or Equitable
Declaration and Enforcement of the Plan Rules)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("the Pension Fund") for damages arising from the Defendant's wrongful taking of pension benefits.

2. This court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), 29 U.S.C. § 1132(a)(3) and 28 U.S.C. § 1331, and venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff Edward F. Groden is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, 4th Floor, Burlington, Massachusetts 01803.

4.      Defendant Rosanne M. Pina Arpin ("Defendant") is an individual residing at 27 Pinewood Place, Mims, Florida 32754.

5.      Defendant is the daughter of James A. Burley (hereinafter "Mr. Burley"), a beneficiary of the Pension Fund.

6.      Mr. Burley was awarded a pension in the amount of $2,280.00 per month, payable for his lifetime, beginning on June 1, 2002.

7.      The Pension Fund direct deposited a monthly benefit payment to Mr. Burley's Bank of Rhode Island account from June 1, 2002 through June 1, 2012.

8.      On or about June 1, 2012, the Pension Fund received a request to change Mr. Burley's direct deposit account from Bank of Rhode Island to TD Bank, N.A.

9.      The Pension Fund direct deposited a monthly benefit payment to Mr. Burley's TD Bank, N.A. account from July 1, 2012 through November 1, 2017.

10.     On or about January 22, 2014, Mr. Burley changed his address to 27 Pinewood Place, Mims, Florida 32754, the Defendant's home address.

11.     On or about November 13, 2017, the Pension Fund was notified that Mr. Burley died on July 9, 2014.  This was the Pension Fund's first notification of Mr. Burley's death.

12.     Upon information and belief, Mr. Burley died in Providence, Rhode Island.

13.     Pursuant to the Pension Fund's Rules and Regulations, pension benefits owed to Mr. Burley cease upon his death.

14.     The Pension Fund deposited forty (40) pension benefit payments, each in the amount of $2,280.00, from August 2014 to November 2017, into Mr. Burley's TD Bank, N.A. account.

15. When the Pension Fund took action to reverse the overpayments of pension benefits from Mr. Burley's bank account, TD Bank, N.A informed the Pension Fund that there were insufficient funds in the account and no funds were recovered.

16. The amount of the overpayment of pension benefits direct deposited by the Pension Fund into the TD Bank, N.A. account of Mr. Burley is $91,200.00.

17. Upon information and belief, Defendant withdrew the pension benefits from Mr. Burley's TD Bank, N.A. account between August 2014 to November 2017 in violation of the Pension Fund's Rules and Regulations.

18. Upon information and belief, Defendant was aware that she was not entitled to the pension benefits of Mr. Burley between August 2014 to November 2017.

19. At the time of Mr. Burley's death, Defendant possessed a Rhode Island driver's license which listed her address as 133 Central Street, Warwick, Rhode Island 02886.

20. Upon information and belief, Defendant frequently spends time in Rhode Island and stays with family members.

21. Defendant is currently the registered agent for RA Movers, LLC located at 23 West Bacon Street, Suite 11, Plainville, Massachusetts 02762.

22. The Pension Fund is entitled to be reimbursed for the overpayments of benefits under the Pension Plan's Rules and Regulations.

23. In order to enforce the provisions of the Pension Fund's Rules and Regulations, the Pension Fund is entitled to specific performance and injunctive relief requiring full reimbursement by Defendant of the pension benefits she withdrew from Mr. Burley's account between August 2014 to November 2017.

24. The Pension Fund is entitled to a constructive trust over the pension benefits withdrawn by Defendant from Mr. Burley's account between August 2014 to November 2017.

25. The Pension Fund is entitled to an equitable lien over the pension benefits withdrawn by Defendant from Mr. Burley's account between August 2014 to November 2017.

26. The Pension Fund is entitled to restitution from the Defendant equal to pension benefits withdrawn by Defendant from Mr. Burley's account between August 2014 to November 2017.

## COUNT II
(Unjust Enrichment)

27. Plaintiff hereby incorporates paragraph 1 through 26 as though set forth herein.

28. The Pension Fund conferred a benefit upon Defendant in the form of pension benefits which she withdrew from Mr. Burley's TD Bank, N.A. account between August 2014 to November 2017.

29. Upon information and belief, Defendant was aware that she was not eligible to receive the pension benefits she withdrew from Mr. Burley's TD Bank, N.A. account between August 2014 to November 2017.

30. Defendant was unjustly enriched at the expense of the Pension Fund, its participants and beneficiaries and such enrichment is unconscionable.

31. This Court should order Defendant make restitution to the Pension Fund for all pension benefits withdrawn by the Defendant from Mr. Burley's TD Bank, N.A. account between August 2014 to November 2017.

WHEREFORE, the Plaintiff demands that judgment enter under ERISA § 502(a)(3)(b) requiring payment to the Pension Fund as follows:

1. Overpayment of pension benefits in the amount of $91,200;

2. Prejudgment interest compounded monthly from August 2014;

3. All reasonable attorneys' fees and costs incurred by the Pension Fund in litigating this matter pursuant to 29 U.S.C. 1132 (g)(1);

4. Ordering such other and further relief as this Court may deem just and proper.

Dated:  February 25, 2020

Respectfully submitted,

Melissa A. Brennan
BBO # 669489
mab@fczlaw.com
Catherine M. Campbell
BBO # 549397
cmc@fczlaw.com
**Feinberg, Campbell & Zack, PC**
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976

/s/ Melissa A. Brennan
Attorney for Plaintiff,
Edward F. Groden, Exec. Director

## CERTIFICATE OF SERVICE

I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested this day to the United States Secretaries of Labor and Treasury.

Date:  February 25, 2020                              /s/ Melissa A. Brennan
                                                     Melissa A. Brennan, Esq.